UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SCOTT, | No. 2:23-cv-2749 TLN SCR P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff George Scott, a state prisoner, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint and motion to proceed in forma pauperis filed on November 27, 2023, are before the court. The complaint fails to state a claim, but plaintiff is granted leave to file an amended complaint within 60 days of the date of this order.

**I.     In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) The declaration makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to

1

1  plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to
2  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing
3  fee is paid in full. 28 U.S.C. § 1915(b)(2).

4      **II.**    **Screening Requirement**

5      Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis
6  proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a
7  claim on which relief may be granted," or "seeks monetary relief against a defendant who is
8  immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27
9  (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11 Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless
12 legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

13     Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement
14 of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S.
15 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a
16 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
17 sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give
18 the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v.
19 Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint
20 under this standard, the court accepts as true the allegations of the complaint and construes the
21 pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236
22 (1974).

23     **III.**    **Allegations in the Complaint**

24     On April 6, 2023, at Folsom State Prison, defendant C/O E. Brown met plaintiff with
25 "legal mail" which had clearly been opened outside plaintiff's presence. (ECF No. 1 at 4.)
26 Plaintiff refused the legal mail and defendant Brown proceeded to pull contraband from it. (Id.)
27 Defendant Brown called for assistance over her radio, placed plaintiff in mechanical restraints,
28 and took plaintiff to administrative segregation. (Id. at 9.)

1    Defendant C/O L. Presto was responsible for the delivery of legal mail on the date in
2    question. (ECF No. 1 at 8.) Defendant Presto confirmed that defendant Brown opened the legal
3    mail in defendant Presto's presence and "validated" the conduct in full. (Id. at 8.) Defendants
4    Presto and Brown conspired to plant drugs inside plaintiff's legal mail. (Id.)

5    Defendants Presto and Brown fabricated documents and reports against plaintiff with the
6    intention of harming his chances for resentencing under state law, for which plaintiff had been
7    recommended, and to negatively affect plaintiff's Board of Prisons "terms date" of January 2024.
8    (Id. at 7-8.) Documents attached to the complaint indicate plaintiff was charged with conspiracy
9    to introduce a controlled substance (marijuana). (Id. at 16.)

10   Plaintiff was cleared of all allegations. (ECF No. 1 at 8.) Plaintiff wrote to Warden Tracy
11   Johnson, and asked "why am I still on closed custody?" (Id.) Warden Tracy did not respond and
12   failed to take any action against the defendant correctional officers for conspiring to plant
13   contraband inside plaintiff's legal mail or for violating policy. (Id.)

14   Plaintiff lost his opportunity for resentencing and was harassed by correctional employees
15   for standing up for himself. (ECF No. 1 at 5.) Plaintiff seeks damages, declaratory relief, and
16   injunctive relief. (Id.)

17   **IV.    Discussion**

18   A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights,
19   privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity,
20   including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim
21   under § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting
22   under color of state law; and (2) plaintiff was deprived of a constitutional right as a result of
23   defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). The
24   court considers below whether plaintiff has adequately alleged he was deprived of a constitutional
25   right as a result of a defendant's conduct and finds he has not done so.

26   **A.    Mail Interference**

27   Plaintiff alleges defendants Presto and Brown tampered with his legal mail. However,
28   plaintiff fails to allege a violation of his rights under the First Amendment relating to legal mail.

In the Ninth Circuit, prisoners have a protected First Amendment interest in having properly marked, confidential legal mail opened only in their presence. Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). However, only mail from plaintiff's lawyer or prospective lawyer is protected. See Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014) (describing the right at issue as the right to be free from "prison officials reading mail between a prisoner and his lawyer"); Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) ("mail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail").

Liberally construed, the complaint fails to allege a violation of plaintiff's rights under the First Amendment based on tampering with mail between plaintiff and his attorney or prospective attorney. Plaintiff does not allege who sent the legal correspondence or that that correspondence was properly marked mail from his attorney or prospective attorney.

### B. Civil Conspiracy

The complaint asserts a conspiracy between defendants Presto and Brown to plant contraband in plaintiff's legal mail. These allegations fail to state a claim.

To state a claim for conspiracy under § 1983, plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). "Conspiracy" is not a stand-alone claim. A conspiracy cause of action "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (citations omitted).

Conclusory allegations that the defendants conspired to violate plaintiff's rights do not state a claim. See Twombly, 550 U.S. at 555-557 (naked assertions, labels and conclusions, and formulaic recitations of the elements of a cause of action do not suffice to state a claim). Here, plaintiff's civil conspiracy allegations are conclusory and fail to state a claim.

### C. Due Process\Falsification of Reports

Defendants Presto and Brown allegedly fabricated documents and reports against plaintiff. These allegations fail to state a constitutional claim.

The filing of a false report by a prison official against a prisoner is not, by itself, a violation of the prisoner's constitutional rights. See Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) (the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (same); Harper v. Costa, No. CIV S–07–2149 LKK DAD P, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. Appx. 488 (9th Cir. 2010) ("district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983").

Thus, the falsification of a disciplinary report does not support a stand-alone constitutional claim. See Luster v. Amezcua, No. 1:16-cv-0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017). Specifically, "the fact that a prisoner may have been innocent of disciplinary charges brought against him ... does not raise a due process issue." Jones v. Woodward, No. 1:14-cv-2084-SAB(PC), 2015 WL 1014257, *2 (E.D. Cal. Mar. 6, 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994) and McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). For these reasons, the complaint does not allege a violation of plaintiff's due process rights under the Fourteenth Amendment based on fabricated reports and documents.

### D.    Retaliation

In describing his injuries, plaintiff alleges he was harassed by unspecified correctional employees for standing up for himself. (ECF No. 1 at 5.) The complaint's allegations do not state a retaliation claim against any named defendant.

A retaliation claim in the prison context has five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Watison v. Carter, 668 F.3d 1108, 1114 (2012). First, the plaintiff must allege he engaged in protected conduct, such as the filing of an inmate grievance. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Second, the plaintiff must allege the defendant took adverse action against the plaintiff. Id. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Watison, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness

from future First Amendment activities." Rhodes, 408 F.3d at 568-69 (internal quotation marks and emphasis omitted). Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads a lack of valid penological purpose by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious or were unnecessary to the maintenance of order in the institution. Watison, 668 F.3d at 1114-15.

Here, the complaint's allegations do not establish a causal connection between any adverse action by a named defendant and any protected conduct by plaintiff. Thus, the complaint's allegations do not state a retaliation claim.

### E. Warden Tracy

Plaintiff's allegations against Warden Tracy also do not state a claim. In order to state a claim under § 1983, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012).

Warden Tracy's alleged failure to respond to plaintiff's correspondence and failure to impose discipline did not cause or contribute to any constitutional violation suffered by plaintiff. The complaint fails to state a claim against Warden Tracy.

### V. Conclusion and Order

Plaintiff's complaint does not state any claims, but plaintiff is granted leave to file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This opportunity to amend is not for the purpose of adding new and unrelated claims. Plaintiff should focus on fixing the deficiencies in the claims already presented. If plaintiff chooses to file an amended complaint, it should be titled "First Amended Complaint" and must state what each

named defendant did that led to the deprivation of constitutional rights. See Iqbal, 556 U.S. at 676-77. An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220.

In the alternative, plaintiff may choose to stand on the original complaint as it was filed. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend, after which plaintiff will have an opportunity to file objections, and the assigned district judge will determine whether the complaint states a cognizable claim. In the further alternative, if plaintiff does not wish to pursue these claims further, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

4. Within 60 days from the date of service of this order, plaintiff must file one of the following:

   a. A first amended complaint curing the deficiencies identified in this order;

   b. A notice of election to stand on the complaint as filed; or

   c. A notice of voluntary dismissal.

5. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: October 3, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE